```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                 Case No. 07-60416-Civ-COHN/SNOW
```

RICK JONES,

    Plaintiff,

v.

POMPANO BEACH CLUB ASSOCIATION, INC.,
and POMPANO BEACH CLUB NORTH
ASSOCIATION, INC.,

    Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on the Plaintiff's Motion to Compel Interrogatory Responses and Document Responses from Both Corporate Defendants, Request for Expedited Ruling (Docket Entry 18), which was referred to United States Magistrate Judge Lurana S. Snow. The plaintiff seeks better responses to interrogatories numbered 1 and 4 through 7, and documents responsive to request number 4, which were promised but not produced.

This Court ordered an expedited briefing schedule, requiring the defendants' response to be filed by August 13, 2007, with the plaintiff's reply due August 17, 2007. The defendants' response was not filed until August 16, 2007, but the plaintiff managed to file a reply within the deadline imposed by the Court. Counsel for the defendants stated that the response was late because the attorney assigned to the case had moved to a new firm on August 10, 2007 and it was not clear whether this matter would

remain with the prior firm.  Counsel added that this Court's expedited briefing order was issued while counsel was in the process of moving, and requested that the Court accept the late response.

Ordinarily, this Court would have issued an order granting the Motion to Compel by default based on the defendants' failure to comply with the briefing schedule.  In this instance, the Court will give counsel for the defendants the benefit of the doubt, and the response will be deemed to have been timely filed.  However, future tardiness will not be overlooked, in light of the deadlines which already have been set in this case.

## DISCUSSION

Interrogatory number one seeks the name, home address and official position of the defendant.  While the defendants provided all of this information, the plaintiff notes that § 4 of the "definitions" also requires the defendant's telephone number, which was not provided.  The plaintiff also seeks the defendant's social security number, which does not appear to be required by any part of the interrogatories.  In response, the defendants argue that it is not necessary or proper to demand any person's Social Security number, citing Gerstenfeld v. Zale Delaware, Inc., 2006 WL 2375055 (M.D. Fla. 2006).  The defendants also state that, prior to filing the instant motion, counsel for the plaintiff made no mention of the omitted telephone number, in any event, appears elsewhere in

2

the documents produced.

Interrogatory number four asks the defendants to describe the procedures by which Salman Maintenance Service, Inc., records the hours work by its employees, assures that they are paid correctly and monitors lunch breaks and pre-shift and post-shift work. The defendants' response provided the general procedure for use of the time clock and refers to the plaintiff's time sheets. In the motion to compel, the plaintiff contends that the defendant must provide (1) the names of the persons who prepare the time records, (2) identify the procedures for insuring that the payments are correct and (3) respond to the portion of the interrogatory regarding lunch breaks and pre- and post-shift work.

The defendants respond that the plaintiff's complaint is one of interpretation, since the interrogatory did not ask for the names of individuals who prepare time records or for a description of how the time cards are processed the time is recorded. The defendants add that the plaintiff is free to seek this information during deposition, but cannot complain that the interrogatory was not answered in the way they envisioned.

Interrogatory number five asks for the legal justifications for each and every affirmative defense, specifying the documents relied upon. The defendants' response to this interrogatory states that (1) the plaintiff was paid in full, as supported by the document produced; (2) the defendants are not

3

engaged in interstate commerce, (3) do not engage in the production of goods for commerce, (4) do not have business in the amount of $500,000, (5) do not manage the affairs of recreational rooms of condominiums and (6) all claims more than two years prior to the filing of the complaint are barred by the statute of limitations. The plaintiff contends that this response does not identify which affirmative defense is being addressed, and clearly does not address all 13 affirmative defenses.

The defendants respond that they provided the factual information upon which their affirmative defenses are based, and are not required to supply a legal analysis of how each fact supports a particular affirmative defense.

Interrogatory number six seeks information about the relationship between the two corporate defendants. The defendants' response provides only the name and address for the president of the Pompano Beach Club Association. In response, the defendants state that Homeowners Associations are not-for-profit corporations and do not have shareholders, but rather have owners who are "members," loosely analogous to a for-profit corporation's shareholders. The defendants argue that as a matter of public record and Florida law, the entities cannot be related as affiliates, parent/subsidiary or other connected corporations. The defendants state that the answer they provided was an attempt to respond to the interrogatory in light of the fact that the entities

4

are not related.

Interrogatory number seven seeks information about the plaintiff's supervisors and co-workers.  The response identifies two supervisors, but no co-workers, and provides insufficient information about the supervisors.  The defendants construe the interrogatory as seeking names of supervisors only, and concede that they failed to provide specific information pertaining to the duties of the supervisors and their dates of employment.

Document request number four seeks financial documents. The defendants response to this request states that all documents are enclosed, but did not enclose any documents.  In its response to the instant Motion to Compel, defendants state that the Pompano Beach Club Association, Inc., is a not-for-profit corporation and, as such, has no income, no revenue, no receipts and does not do business.  The defendants add that Pompano Beach Club Association, Inc., did provide its financial documents relevant to the payment to the plaintiff.  The defendants also state that the plaintiff has failed to explain who the assessment and maintenance records can lead to the discovery of admissible evidence.

In his reply to the defendants' response to his Motion to Compel, the plaintiff states, in essence, that the defendants have provided too little, too late.  The plaintiff points out that the defendants response contains objections to the interrogatories which have been waived, since they should have been lodged at the

5

time the interrogatories were propounded.  The plaintiff notes that two letters were written to counsel for the defendants pertaining first to the lateness, and next to the inadequacy of the discovery response.  Nevertheless, in their response to the instant motion, counsel for the defendants concede that some of the information requested has not been provided.  Counsel for the defendants suggests that omitted information can be obtained at deposition or may be found elsewhere in materials that already have been provided.

<u>CONCLUSION</u>

The Court agrees with plaintiff's counsel that the defendants' responses to the listed interrogatories and request for production, as well as the response to the instant motion, are insufficient and unpersuasive.  With the Court being fully advised, it is hereby

ORDERED AND ADJUDGED that

1.  The plaintiff's Plaintiff's Motion to Compel Interrogatory Responses and Document Responses from Both Corporate Defendants, Request for Expedited Ruling is GRANTED, except that the defendants need not provide the social security number of any individual.  The defendants shall file, on or before August 27, 2007, complete responses to Interrogatory Numbers 1, 4, 5, 6 and 7 and Request for Production No. 4, on or before August 28, 2007.

2. The defendants also shall file, on or before August 28, 2007, a response to the plaintiff's request for an award of attorney's fees incurred in connection with the filing of the instant motion.

DONE AND ORDERED at Fort Lauderdale, Florida, this 20th day of August, 2007.

*[signature: Lurana S. Snow]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Samara Bober, Esq. (P)
David Friedman, Esq. (Ds)
Katherine Nuckolls, Esq. (Ds)